# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| KATHLEEN BERSAW, | : | |
| Plaintiff, | : | Civil Action No. 1:14-CV-00330-JD |
| v. | : | |
| NORTHLAND GROUP INC, | : | |
| Defendant. | : | |

## DEFENDANT, NORTHLAND GROUP INC.'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant, Northland Group Inc. ("Defendant"), by its attorneys, Preti, Flaherty, Beliveau & Pachios, LLP, answers the allegations contained in the Plaintiff's Complaint for Violations of: The Federal Fair Credit Reporting Act, The Fair Debt Collection Practices Act and the New Hampshire Consumer Credit Report Act ("Complaint") as follows[1]:

## JURISDICTION

1. Defendant admits that this court has jurisdiction for cases brought under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, but denies that it has committed any violations of these statutes.

2. Defendant admits that this court has jurisdiction for cases brought under 15 U.S.C. § 1692k and 28 U.S.C. § 1331, but denies that it has committed any violations of these statutes.

3. Defendant admits that this court has supplemental jurisdiction under RSA 359-B:18, but denies that it committed a violation of this statute.

---

[1] Defendant would like to clarify that the headings and paragraph numbering of the various section in this document are designed to follow the layout of Plaintiff's Complaint.

## PARTIES

1. Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph of the Complaint and accordingly denies said allegations.

2. Defendant admits the allegations contained in this paragraph.

## VENUE

1. Defendant denies that it violated any law.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies said allegations.

## LIMITATION OF ACTION

The unnumbered paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in the unnumbered paragraph.

## COMPLAINT

## GENERAL ALLEGATIONS

1. Defendant is without sufficient information upon which to admit or deny the allegations of this Paragraph of the Complaint and accordingly denies said allegations.

2. Admitted that on July 6, 2013, Defendant obtained Plaintiff's credit report from Experian in an attempt to collect on an account.  Defendant is without sufficient information upon which to admit or deny the remaining allegations of this Paragraph of the Complaint and accordingly denies said allegations.

3. Admitted that on or about August 11, 2013, Defendant sent Plaintiff a letter.  Defendant denies the remaining allegations of this paragraph.

7098804.1

## COUNT 1

3. All allegations incorporated by reference in paragraph 3 of Count I of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

4. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 4 of Count I of the Complaint, and therefore denies said allegations.

5. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 5 of Count I of the Complaint, and therefore denies said allegations.

6. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 of Count I of the Complaint, and therefore denies said allegations.

7. The allegations in Paragraph 7 of Count I of the Complaint are legal conclusions to which no response is required; to the extent a response is deemed to be required, Defendant denies any violations therein.

8. The allegations in Paragraph 8 of Count I of the Complaint are legal conclusions to which no response is required; to the extent a response is deemed to be required, Defendant denies any violations therein.

9. Admitted that on July 6, 2013, Defendant obtained Plaintiff's credit report from Experian in an attempt to collect on an account. Defendant admits the remaining allegations contained in Paragraph 9 of Count I of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Count I of the Complaint.

11. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 of Count I of the Complaint, and therefore denies said allegations.

12. Defendant denies the allegations contained in Paragraph 12 of Count I of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Count I of the Complaint.

## COUNT 2

1. All allegations incorporated by reference in Paragraphs 1 of Count 2 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

2. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 2 of Count 2 of the Complaint, and therefore denies said allegations.

3. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 3 of Count 2 of the Complaint, and therefore denies said allegations.

4. The allegations in Paragraph 4 of Count 2 of the Complaint are legal conclusions to which no response is required; to the extent a response is deemed to be required, Defendant denies any violations therein.

5. The allegations in Paragraph 5 of Count 2 of the Complaint are legal conclusions to which no response is required; to the extent a response is deemed to be required, Defendant denies any violations therein.

6. Admitted that on July 6, 2013, Defendant obtained Plaintiff's credit report from Experian in an attempt to collect on an account. Defendant admits the remaining allegations

contained in Paragraph 6 of Count 2 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of Count 2 of the Complaint.

8. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 of Count 2 of the Complaint, and therefore denies said allegations.

9. Defendant denies the allegations contained in Paragraph 9 of Count 2 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Count 2 of the Complaint.

## COUNT 3

1. Admitted that on or about August 11, 2013, Defendant sent Plaintiff a letter. Defendant denies the remaining allegations of this paragraph.

2. Defendant denies the allegations contained in Paragraph 2 of Count 3 of the Complaint.

3. Defendant denies the allegations contained in Paragraph 3 of Count 3 of the Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of Count 3 of the Complaint.

5. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 5 of Count 3 of the Complaint, and therefore denies said allegations.

6. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 of Count 3 of the Complaint, and therefore denies said allegations.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff failed to state a claim upon which relief can be granted.

2. Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to

      avoid any such error.

3.     At all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor of the account.

4.     Plaintiff's claims are barred by the applicable statute of limitations.

5.     Defendant states that it reserves the right to assert additional affirmative defenses as discovery warrants.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded reasonable attorney fees and costs as provided for under applicable law.

## JURY DEMAND

The Defendant requests a trial by jury on all issues so triable.

    Respectfully submitted,

    NORTHLAND GROUP INC.

    By its attorneys,

    PRETI, FLAHERTY, BELIVEAU & PACHIOS, PLLP

Dated: August 7, 2014     */s/ Daniel R. Sonneborn*
    Kenneth E. Rubinstein, NH Bar # 14926
    krubinstein@preti.com
    Daniel R. Sonneborn, NH Bar # 20947
    dsonneborn@preti.com
    P.O. Box 1318
    Concord, NH 03302-1318
    (603) 410-1500

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 7, 2014 I served the foregoing *Defendant, Northland Group Inc.'s Answer, Affirmative Defenses and Jury Demand* by regular U.S. First Class Mail, postage prepaid, to the following:

Kathleen Bersaw
Douglas Bersaw as her Attorney-in-fact
139 Tully Brook Road
Richmond, New Hampshire 03470

                                          */s/ Daniel R. Sonneborn*
                                          Daniel R. Sonneborn, NH Bar # 20947

7098804.1